IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELINDA RUIZ<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CASE NO.  5:21-cv-00714 |
| | § | |
| UNITED STATES OF AMERICA<br>　　Defendant, | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Melinda Ruiz, is an individual and a citizen and resident of Jourdanton, Texas.

2. Defendant, the United States of America, may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas or to a clerical employee whom the United States Attorney designated in a writing filed with the court clerk, and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States.

### B. Jurisdiction

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1346.

### C. Venue

4. Venue is proper in this district under 28 U.S.C. § 1402 because it is the district where the act and omission complained of occurred, and the plaintiff's residence.

### D.  Facts

5. On or about August 20, 2019, in Bexar County, Texas, Melinda Ruiz was a passenger in a vehicle that was struck by a vehicle operated by Bryan Collier, an employee of the Bureau of Alcohol, Tobacco, and Firearms (ATF). Collier failed to yield the right-of-way and improperly proceeded through an intersection, which caused the collision. The investigating officer found that Collier was the sole cause of the accident. As a result and proximate cause of this accident, Ms. Ruiz sustained serious injuries.

6. At the time of the incident, Collier was in the course and scope of his employment with the ATF, an agency of the United States of America.

### E.  Federal Tort Claims Act

7. Plaintiff asserts a claim of negligence against Defendant, as permitted under the Federal Tot Claims Act. 28 U.S.C. §§ 1346(b), 2674. The Defendant "shall be liable…in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Defendant has waived immunity as to this claim and suit.

### F.  Damages

8. As a direct and proximate result of the negligence described above, Plaintiff suffered the following injuries and damages:

    a.    mental anguish in the past and future;
    b.    lost earnings and loss of earning capacity in the past and future;
    c.    physical impairment in the past and future;
    d.    medical expenses in the past and future; and
    e.    physical pain and suffering in the past and future.

9. Plaintiff seeks damages not to exceed $1,000,000.00.

### G.  Conditions Precedent

10. All conditions precedent to this suit have been performed or have occurred. Under 28 U.S.C. § 2675, Plaintiff presented this claim to the appropriate federal agency prior to this suit. This claim was denied on February 24, 2021.

### H.  Prayer

11. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a. actual damages;
    b. pre-judgment and post-judgment interest;
    c. costs of suit; and
    d. all other relief the Court deems appropriate.

Respectfully submitted,

THE KRIST LAW FIRM, P.C.

By: */s/ Alex W. Horton* .
    **Scott C. Krist**
    State Bar No.11727900
    **Alex W. Horton**
    State Bar No.24065448
The Krist Building
17100 El Camino Real
Houston, TX 77058
ahorton@kristlaw.com
P: 281-283-8500
F: 281-488-3489

Attorney in Charge for Plaintiff,
Melinda Ruiz

4811-0004-1183, v. 1